UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

PARRISH LEE,                                    :

        Plaintiff,                            :

      -against-                                 :

TRANS UNION LLC,                           :

        Defendant.                         :
------------------------------------------------------X

**REPORT and RECOMMENDATION**

06 Civ. 4003 (PAC)(KNF)

KEVIN NATHANIEL FOX,
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE PAUL A. CROTTY, UNITED STATES DISTRICT JUDGE

      On May 25, 2006, Parrish Lee ("Lee") commenced the instant action pro se. An initial pretrial conference was scheduled for October 24, 2006. At the defendant's request, the conference was adjourned to November 6, 2006. The November 6, 2006 conference was then adjourned to November 15, 2006, due to the plaintiff falling ill. Thereafter, the November 15, 2006 conference was adjourned to November 28, 2006, again, due to the plaintiff's poor health.

      On November 28, 2006, the plaintiff failed to appear for the conference. On that day, the Court issued an order ("November 28 Order") directing the plaintiff to appear on December 4, 2006. In the November 28 Order, the plaintiff was advised that his "failure to comply with any order of the Court may result in the issuance of a Report and Recommendation to the assigned district judge that the instant action be dismissed."

      On December 4, 2006, Timothy Creech, Esq. ("Creech"), counsel to the defendant, appeared at the initial pretrial conference via telephone, by permission of the Court. The Court's

courtroom deputy clerk informed Creech that the plaintiff had not yet arrived in the courtroom. Approximately ten minutes after the conference was scheduled to begin, Creech offered to contact the plaintiff via telephone. Minutes later, Creech called the Court with the plaintiff on the telephone line. Creech and the plaintiff confirmed their appearances with the Court's courtroom deputy clerk; however, by the time the case was called, which was only a few minutes later, the plaintiff was no longer on the telephone line. The plaintiff made no further contact with the Court or Creech.

Thereafter, the defendant made a motion for sanctions, in accordance with Fed. R. Civ. P. 16(f). In response to that motion, the plaintiff alleged he was unable to participate in the November 28, 2006 conference due to ill health. In support of that claim, the plaintiff submitted to the Court invoices for medical services he sought on November 3, 2006, and receipts for prescription drug medication he purchased on the same day.

With respect to the December 4, 2006 conference, the plaintiff explained that, upon receiving Creech's telephone call, his cellular telephone lost service, due to a low battery. The plaintiff did not offer any explanation for his failure to appear at the courthouse, in person, as required by the Court's November 28 Order. The defendant's motion for sanctions was granted on April 9, 2007.

Through an order dated May 4, 2007, the Court scheduled another initial pretrial conference for the parties and directed that they appear in court on May 16, 2007, at 11:30 a.m., for that conference. The May 4, 2007 order advised the plaintiff "that his failure to appear for [the] conference may result in a report and recommendation to the assigned district judge that this action be dismissed, for failure to prosecute, pursuant to Rule 41 of the Federal Rules of

Civil Procedure." On May 16, 2007, counsel to the defendant appeared for the conference. The plaintiff failed to attend.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss a plaintiff's action for failure to prosecute the action or for failure to comply with an order of the court. See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); Lucas v. Miles, 84 F.3d 532, 534-35 (2d Cir. 1996). The plaintiff has repeatedly failed to comply with orders of the Court, which required his participation at a pretrial conference where a case management plan contemplated by Fed. R. Civ. P. 16 might be discussed and finalized. As a consequence of the plaintiff's repeated failure to comply with court orders, the litigation has been unable to move forward. In addition, as a result of the plaintiff's misconduct, the defendant has been forced to expend resources to protect its interests in an action that the plaintiff initiated but seems uninterested in prosecuting. Since the plaintiff has not communicated with the Court in any way, to attempt to show good cause for his failure to comply with previously issued court orders that are referenced above, this action should be dismissed pursuant to Fed. R. Civ. P. 41(b).

### FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 735, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL

PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
      May 17, 2007

Respectfully submitted,

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Parrish Lee  
Timothy Creech, Esq.